**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 23-1639
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

SUPERINTENDENT GILMORE; MR. HAMMER, PA-C;
CHCA STEPHANIE WOOD, BSN, MBA, CCHP; CHCA NICHOLSON;
DIRECTOR MS. SMITH, All being sued in his or her individual capacities and official
capacities under the United States declared penalty of perjury

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01558)
District Judge: Honorable Lisa P. Lenihan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2023
Before: JORDAN, CHUNG, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: July 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Jerome Junior Washington, proceeding in forma pauperis, appeals from the District Court's judgment in favor of the Defendants in this 42 U.S.C. § 1983 action. Since Washington does not present a substantial question, we will summarily affirm.

## I.

Washington alleges that the Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care while he was incarcerated at State Correctional Institution ("SCI") Greene. Washington suffers from arthritis, rectal bleeding, hemorrhoids, glaucoma, and cataracts. Among other things, the District Court granted a motion to dismiss filed by Defendants Denise Smyth (incorrectly identified by Washington as "Smith") and Mark Hammer, a doctor and a certified physician's assistant, respectively.

Upon review, we vacated the District Court's judgment with respect to Smyth and Hammer. Specifically, we noted that "Washington's reasonable requests for hemorrhoid treatment were allegedly deferred by Hammer for no good medical reason during multiple sick calls as Washington's condition deteriorated." We also determined that Washington had allegedly requested steroid injections for his arthritis repeatedly, but "was told at various points that he could not be treated because another doctor was either on vacation, had forgotten, or had quit," and that, "accepting the factual matter in the complaint as true, such allegations amount to 'delayed medical treatment for non-medical

2

reasons' or 'the denial of reasonable requests for treatment that resulted in suffering.'" We remanded for further proceedings vis-à-vis these claims against Smyth and Hammer, but otherwise affirmed.

After lengthy proceedings on remand, the District Court granted a motion for summary judgment filed by Smyth and Hammer. Washington filed a motion for reconsideration, which the District Court denied. This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review under § 1915I(B)(ii) with respect to the grant of summary judgment. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

We must dismiss this appeal if we conclude that it is frivolous. See 28 U.S.C. § 1915I(B)(i). We may summarily affirm the District Court's order if we conclude that Washington has not presented a substantial question or that subsequent precedent or a change in circumstances warrants such action. See 3d Cir. LAR 27. 4 and IOP 10.6.

To state a claim under § 1983 that prison medical care violated his Eighth Amendment rights, a prisoner must point to "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016). Inadequate care stemming from errors in medical judgment is not actionable under the Eighth Amendment. Id. "Where a prisoner

3

has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017). There is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

III.

Upon review, we see no error in the District Court's decision to grant summary judgment in favor of Smyth and Hammer. Nothing in the record supports Washington's claims regarding inappropriately delayed or denied medical treatment. The record shows that Washington received multiples instances of medical care from January to August 2018. With respect to his hemorrhoids/rectal bleeding claim, he was evaluated multiple times during these months, and based on these evaluations the medical professionals involved in his case pursued a reasonable course of treatment. Washington was prescribed medication, creams, suppositories, and hemoccult cards for testing. Similarly, Washington was treated for his arthritis, receiving evaluations, x-rays, and medication. This did not suit Washington's preferences, and he continued to demand specific medications and treatments. However, Washington does not have the right to receive his specific choice of medical care. At best, this case reflects a difference of opinion regarding reasonable medical decisions, or a failure to diagnosis certain medical conditions—if in fact they were present during the period relevant for this litigation,

which is to say, January to August 2018— that would later escalate to more serious ailments. Neither amounts to an Eighth Amendment violation. See Parkell, 833 F.3d at 337; see also White, 897 F.2d at 110.

Accordingly, we conclude that Washington has failed to present a substantial question, and thus we will summarily affirm the District Court's judgment. We deny Washington's motion for appointment of counsel and his motion for leave to file brief out of time.